UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CARNELL M. McCreary,

        Petitioner,

                                                                          Civil No. 06-CV-11195
v.                                                                    Honorable Gerald E. Rosen

THOMAS BIRKETT,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND
RESPONDENT'S RESPONSE TIME**

**I.**

Petitioner Carnell M. McCreary ("Petitioner"), a state prisoner confined at the Standish Maximum Correctional Facility in Standish, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, Petitioner challenges his conviction for aggravated stalking. This matter is before the Court on Petitioner's motion to alter or amend respondent's response time. For the following reasons, the Court denies that motion.

**II.**

Petitioner brings his motion to alter or amend pursuant to Local Rule 7.1. Under that rule, a motion to alter or amend (or for reconsideration) cannot be granted unless the moving party demonstrates "a palpable defect by which the Court and the parties have been misled" and that correcting the defect will result in a different disposition of the case. E.D. Mich. L.R. 7(1)(g)(3).

Petitioner challenges the Court's responsive pleading date of October 3, 2006, giving respondent six months in which to reply to his petition, and requests that the Court issue an order requiring respondent to respond in a more timely manner.

A federal court has discretion under the rules governing habeas corpus cases to set a deadline for a response to a prisoner's habeas petition.  *See Erwin v. Elo*, 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001) (citing *Hudson v. Helman*, 948 F. Supp. 810, 811 (C.D. Ill.1996)); 28 U.S.C. § 2243. Further, Rule 4 of the Rules Governing Section 2254 cases gives a federal court discretion to take into account various factors such as the respondent's workload and availability of transcripts in determining when an answer must be filed.  *See Kramer v. Jenkins*, 108 F.R.D. 429, 432 (N.D. Ill. 1985).

The Court finds that six months is a reasonable time in which to require a response to the habeas petition given the complexity of the case, the respondent's ability to acquire the relevant documents, and the Michigan Attorney General's caseload.  Petitioner has not established that a shorter response time is necessary to protect his rights.  The Court finds no reason to alter or amend the responsive pleading order.  Petitioner has not demonstrated that relief is warranted under Local Rule 7.1.  Accordingly, the Court **DENIES** the motion to alter or amend**.**

**IT IS SO ORDERED**.

          s/Gerald E. Rosen
          Gerald E. Rosen
          United States District Judge

Dated:  June 27, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 27, 2006, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager