UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARNELL M. MCCREARY,

       Petitioner,

                                                          Case Number: 06-CV-11195
v.                                                       Honorable Gerald E. Rosen

THOMAS BIRKETT,

       Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR LEAVE OF COURT AND FOR THE COURT'S RECUSAL AND REASSIGNMENT OF THE CASE

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on    September 19, 2006

PRESENT:  Honorable Gerald E. Rosen
United States District Judge

       This matter is before the Court on a motion in which Petitioner Carnell M. McCreary once again seeks relief from the Court. Petitioner is now requesting that the Court recuse itself and reassign the case, as it is Petitioner's contention that the Court has displayed bias and prejudice in its August 9, 2006 Order.

       To state a claim that a judge is biased, a defendant must show either actual bias or the appearance of bias creating a conclusive presumption of actual bias. *United States v. Lowe*, 106 F. 3d 1498, 1504 (6th Cir. 1997). Adverse rulings are not themselves sufficient to establish bias or prejudice which will disqualify a judge. *See Hence v. Smith,* 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999). A habeas petitioner's "unsupported accusations" and "unfounded surmise" of bias

on the part of a federal judge presiding over his or her habeas petition are insufficient to establish grounds for disqualification of that judge from presiding over the case. *See Bates v. Grant,* 98 Fed. Appx. 11, 15 (1st Cir. 2004).

The Court will deny Petitioner's request to replace the judge of record in this case, because he has failed to show that this Court "harbors any personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . " as required to disqualify a federal judge pursuant to 28 U.S.C. § 455(b)(1). *Hence, supra* at 550. Petitioner has merely alleged that this Court ruled adversely against him. Such adverse rulings are insufficient to establish bias or prejudice on the part of a judge. Because Petitioner has not shown evidence of personal bias on the part of this Court, Petitioner's motion is denied. *See McGann v. Kelly,* 891 F. Supp. 128, 137 (S.D.N.Y. 1995).

Therefore, upon consideration of the Court, **IT IS HEREBY ORDERED** that Petitioner's motion is **DENIED**. Furthermore, the Court's August 9, 2006 Order remains in effect; Petitioner is **ENJOINED** from filing any further motions until his habeas corpus petition is decided without first seeking and obtaining leave of this Court. The Court reminds Petitioner that such leave shall not be granted unless he demonstrates that the claim or claims he wishes to present are new claims never before raised and disposed of and are properly before the Court, and that his filing is made in good faith and the issues he raises are neither frivolous nor abusive of the judicial process. Petitioner is specifically cautioned that any attempt to file without first securing the required leave of the Court, or any request for leave that is frivolous or appears to have been submitted for an improper purpose, may result in the imposition of

sanctions or the initiation of contempt proceedings.

Accordingly, the Court **DENIES** Petitioner's Motion, dated August 14, 2006**.**

**IT IS SO ORDERED**.


                                        s/Gerald E. Rosen
                                        Gerald E. Rosen
                                        United States District Judge

Dated:  September 19, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 19, 2006, by electronic and/or ordinary mail.

                                        s/LaShawn R. Saulsberry
                                        Case Manager