UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARNELL McCREARY,

    Petitioner,

v.

                                     CASE NO. 2:06-CV-11195
                                     HONORABLE GERALD E. ROSEN
                                     UNITED STATES DISTRICT COURT

THOMAS BIRKETT,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS**

      Carnell M. McCreary, ("petitioner"), presently incarcerated at the Baraga Maximum Correctional Facility in Baraga, Michigan, has filed a *pro se* application for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges the propriety of a 2000 personal protection order which served as the basis for his conviction for aggravated stalking, M.C.L.A. 750.411i(2)(a); and being a fourth felony habitual offender, M.C.L.A. 769.12. Respondent has filed a motion to dismiss, claiming that the petition should be dismissed because petitioner has failed to exhaust his state court remedies. Petitioner has filed a response to the motion to dismiss. For the reasons stated below, the Court finds that it lacks subject matter over the instant petition and that the claims contained therein are also without merit. Accordingly, in lieu of dismissing the petition without prejudice on exhaustion grounds, the Court will deny the petition on the merits.

1

## I.  Background

Petitioner was convicted in the Wayne County Circuit Court for aggravated stalking and being a fourth felony habitual offender.  The aggravated stalking conviction was based upon petitioner's violation of a personal protection order (P.P.O.) issued out of the Wayne County Circuit Court, Family Division in 2000.  Petitioner's conviction was affirmed on appeal. *People v. McCreary,* No. 240822 (Mich.Ct.App. June 22, 2004); *lv. den.* 472 Mich. 861; 692 N.W. 2d 385 (2004).

Petitioner filed a petition for writ of habeas corpus with the United States District Court for the Eastern District of Michigan in 2004, in which he challenged the propriety of the P.P.O.  The petition was dismissed without prejudice, because petitioner had failed to exhaust his state court remedies. *McCreary v. Smith,* No. 2005 WL 1349114 (E.D. Mich. May 25, 2005)(Battani, J.); *appeal dism.,* U.S.C.A. Nos. 05-1849; 05-1945 (6th Cir. February 21, 2006).

While petitioner's original habeas petition was pending in the federal courts, petitioner attempted to appeal the validity of the P.P.O. to the Michigan appellate courts. The Michigan Court of Appeals dismissed petitioner's appeal because petitioner had failed to pay the outstanding appellate court fees from a prior civil appeal, as required by M.C.L.A. 600.2963(8). *Reese v. McCreary,* No. 264676 (Mich.Ct.App. September 21, 2005).  The Michigan Supreme Court likewise dismissed petitioner's appeal on a similar basis. *Reese v. McCreary*, 704 N.W. 2d 711 (2005).

Petitioner has now filed the instant petition, in which he seeks habeas relief on the following grounds:

I. The trial court abused its discretion by: 1) issuing the personal protection

order without jurisdiction; 2) failing to terminate the order and; 3) denying petitioner access to the court to challenge the order by confronting his accuser, thereby violating the U.S. Const Amend 14.

II. The personal protection order against stalking is not moot when the Wayne Count Prosecutor in using the null and void order to keep Petitioner in prison pursuant to MCLA 750.411i(2)(a) in violation of U.S. Const Amend 14.

## II.  Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:
An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

## III. Discussion

Respondent has moved to dismiss the petition on the ground that petitioner has failed to exhaust his claims with the state courts, because he failed to successfully appeal his claims involving the validity of the personal protection order to the Michigan appellate courts.

This Court declines to dismiss the petition on exhaustion grounds. A habeas petitioner's failure to exhaust his state court remedies does not deprive a federal court of its jurisdiction to consider the merits of the habeas petition. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). An unexhausted claim may be addressed if the unexhausted claim is without merit, such that addressing the claim would be efficient and would not offend the interest of federal-state comity. *Prather v. Rees,* 822 F. 2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2). In these circumstances, a federal court should dismiss a non-federal or frivolous claim on the merits to save the state courts the useless review of meritless constitutional claims. *Cain v. Redman*, 947 F. 2d 817, 820 (6th Cir. 1991). Federal courts have denied meritless unexhausted claims on the merits even where, as here, the respondent has simply filed a motion to dismiss on exhaustion grounds without addressing the merits of the claims in their motion or answer. *See Campos v. Johnson,* 958 F. Supp. 1180, 1188 (W.D. Tex. 1997); *See also McCool v. New York State,* 29 F. Supp. 2d 151, 158-63 (W.D.N.Y. 1998).

As an initial matter, the petition for writ of habeas corpus will be dismissed, because the Court lacks subject matter jurisdiction over the petition, due to the fact that petitioner is not challenging his aggravated stalking conviction, but merely the validity of the 2000 personal protection order. Although neither party raised the issue of whether the Court has jurisdiction over petitioner's case, it is appropriate for this Court

4

to consider the issue *sua sponte,* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996).

The language of §§ 2241(c)(3) and 2254(a) require that a habeas petitioner be "in custody" under the conviction or sentence under attack at the time that a habeas petition is filed in the federal court. *See Maleng v. Cook ,* 490 U.S. 488, 490-91 (1989). The "in custody" requirement is jurisdictional. *See Foster v. Booher,* 296 F. 3d 947, 949 (10th Cir. 2002). At least two federal district courts have rejected habeas petitions which challenged civil protection or restraining orders on the grounds that the petitioner was not "in custody" pursuant to the civil protection or restraining order. *See Strout v. State of Maine,* No. 2004 WL 1571768, * 3 (D. Me. July 13, 2004); *Jones v. McKibben,* No. 1994 WL 62105, *1 (N.D.Cal. February 8, 1994). Because petitioner does not challenge his aggravated stalking conviction in his petition, but merely the validity of the 2000 personal protection order, this Court lacks subject matter jurisdiction over the petition.

Secondly, any challenges to the validity of the 2000 personal protection order have been rendered moot, because the personal protection order, by petitioner's own admission, expired on October 5, 2001. "[M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F. 2d 1286, 1289 (6th Cir. 1986). Petitioner's claim that he was deprived of due process by the issuance of the 2000 personal protection order has been rendered moot by the fact that the P.P.O. expired in 2001, in that a favorable decision by this Court could not affect the already expired P.P.O. order. *See Kindrat v.*

*Halloran,* 206 F. Supp. 2d 864, 868 (E.D. Mich. 2002).

Moreover, even if the Court were to construe the petition as being a challenge to petitioner's aggravated stalking conviction, petitioner would still not be entitled to relief on his claims.

Petitioner's primary claim appears to be that the state trial court judge lacked jurisdiction to issue the personal protection order. The determination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal courts. *Wills v. Egeler,* 532 F. 2d 1058, 1059 (6th Cir. 1976). Petitioner's claim that the trial court lacked jurisdiction to issue a personal protection order in this case raises an issue of state law, because it questions the interpretation of Michigan law, and is therefore not cognizable in federal habeas review. *See United States ex. rel. Holliday v. Sheriff of Du Page County, Ill.,* 152 F. Supp. 2d 1004, 1013 (N.D. Ill. 2001); *Cf. Toler v. McGinnis,* 23 Fed. Appx. 259, 266 (6th Cir. 2001)(district court lacked authority on habeas review to review petitioner's claim that the state court erred in refusing to instruct jury on the requirements for extraterritorial jurisdiction, because the claim was contingent upon an interpretation of an alleged violation of state law).

Petitioner also claims that the trial court's *ex parte* issuance of the personal protection order without petitioner being present at the hearing denied petitioner his Fourteenth Amendment due process right to be present in court and to confront his accuser.

Petitioner's claim is without merit. The constitutional safeguards that are associated with a criminal prosecution do not apply to civil proceedings in which a person is made subject to a domestic violence protection order, even if that domestic

violence protection order provides the basis or predicate of a subsequent criminal prosecution. *See United States v. Baker,* 197 F. 3d 211, 216-17 (6th Cir. 1999)(defendant was not deprived of procedural due process when civil proceedings by which he became subject to domestic violence protection order did not afford him constitutional safeguards associated with criminal prosecution, even though such proceedings provided the basis for his conviction for unlawful possession of a firearm while subject to a domestic violence protection order).

Moreover, any defects in the issuance of the personal protection order would not invalidate his subsequent conviction for aggravated stalking.  Under the relevant section of Michigan's stalking law, a person who engages in stalking is guilty of aggravated stalking if:

> (a) The actions constituting the offense are in violation of a restraining order and the individual has received actual notice of that restraining order, or the actions are in violation of an injunction or preliminary injunction.
>
> M.C.L.A. 750.411i(2).

Thus, under Michigan law, an essential element of aggravated stalking is the defendant's violation of a court order of which the defendant was aware. *See Campbell v. Grayson,* 207 F. Supp. 2d 589, 597 (E.D. Mich. 2002).   However, personal service of a personal protection order on the defendant is not required to show actual notice of the order under the aggravated stalking statute. *See People v. Threatt,* 254 Mich. App. 504, 505-07; 657 N.W.2d 819 (2002).  Because personal service of the P.P.O. upon the defendant is not required, it stands to reason that the defendant's actual presence at the hearing at which the personal protection order was issued is not an essential element of the crime of aggravated stalking either.  The fact that the P.P.O. was issued

7

*ex parte* against petitioner would not affect the validity of his conviction for aggravated stalking. Accordingly, he is not entitled to habeas relief on his claim.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002). Therefore, a district court has the power to deny a certificate of appealability *sua sponte. See Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because she has failed to make a substantial showing of the denial of a federal constitutional right. *Millender,* 187 F. Supp. 2d at 880. The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED**.


s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: November 9, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 9, 2006, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager