UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARNELL McCREARY,

              Petitioner,              No. 06-CV-11195-DT

vs.                                          Hon. Gerald E. Rosen

THOMAS BIRKETT,

              Respondent.
_____/

OPINION AND ORDER DENYING PETITIONER'S
MOTION FOR RECONSIDERATION OF ORDER CONSTRUING
PETITIONER'S RULE 60(b) MOTION AS A SECOND OR SUCCESSIVE
HABEAS CORPUS PETITION AND DENYING PETITIONER'S
<u>MOTION FOR A CERTIFICATE OF APPEALABILITY</u>

                 At a session of said Court, held in
                 the U.S. Courthouse, Detroit, Michigan
                 on     April 11, 2008

                 PRESENT:   Honorable Gerald E. Rosen
                                   United States District Judge

On November 9, 2006, this Court entered an Opinion and Order denying Petitioner Carnell McCreary's Petition for a Writ of Habeas Corpus and dismissed this action with prejudice. The Court also on that same date determined that no Certificate of Appealability should issue and that Petitioner should not be granted leave to appeal *in forma papueris*. Petitioner thereafter moved for reconsideration and on March 14, 2007, the Court denied that motion. Petitioner appealed the Court's rulings but that appeal was dismissed by the Sixth Circuit on June 18, 2007 for want of prosecution due to

1

Petitioner's failure to pay the required appellate filing fee.

Thereafter, on November 15, 2007, Petitioner filed a "Motion for Relief from Judgment" pursuant to Fed. R. Civ. P. 60(b). This Court construed Petitioner's Motion as a Second or Successive Habeas Corpus Petition and, on March 12, 2008, entered an Order transferring the matter to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244. This matter is presently before the Court on Petitioner's March 25, 2008 Motion for Reconsideration of the Court's March 12 Transfer Order. Petitioner has also moved for a certificate of appealability to appeal the Transfer Order.

The requirements for the granting of motions for reconsideration are set forth in Eastern District of Michigan Local Rule 7.1(h), which provides in relevant part:

> Generally, and without restricting the discretion of the Court, <u>motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted.</u> The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

L.R. 7.1(h)(3).

The Court has reviewed Petitioner's Motion for Reconsideration and finds that Petitioner has merely presented issues already ruled upon by the Court in its March 12, 2008 Order either expressly or by reasonable implication, and he has not demonstrated a palpable defect by which the Court has been misled or that a different disposition of the case must result from a correction thereof. All that Petitioner has done is essentially restate the arguments made in his previous filings which the Court has already considered

2

and rejected.

As for Petitioner's Motion for a Certificate of Appealability, Petitioner seeks certification of issues on which he was already denied certification -- both by this Court and by the Court of Appeals -- and also seeks certification of the Court's construction of his Rule 60(b) Motion as a second or successive habeas petition and the decision to transfer to case to the Sixth Circuit.

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that "jurists of reason could disagree with the district court's resolution of his constitutional claims." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

In his COA application, McCreary continues to challenge the PPO underlying his aggravated stalking conviction. He challenged this unsuccessfully in his original habeas petition, in his original COA application before this Court and again before the Court of Appeals. As the Courts repeatedly found, McCreary's challenge to the validity of the personal protection order does not present a cognizable habeas argument. Likewise, with respect to his confrontation argument, as both this Court and the Sixth Circuit found, the constitutional right to confront one's accusers does not extend to civil proceedings, such as the ex-parte civil proceeding which resulted in the issuance of the PPO. As for Petitioner's challenge to this Court's transfer order, the transfer of Petitioner's Rule 60(b) motion for certification by the Court of Appeals does not constitute a deprivation of a

3

constitutional right.

For these reasons,

IT IS HEREBY ORDERED that Petitioner's March 24, 2008 Motion for Reconsideration [Dkt. # 38] be, and hereby is, DENIED.

IT IS FURTHER ORDERED that Petitioner's March 28, 2008 Motion for a Certificate of Appealability [Dkt. # 40] is DENIED.

                                        s/Gerald E. Rosen
                                        Gerald E. Rosen
                                        United States District Judge

Dated: April 11, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 11, 2008, by electronic and/or ordinary mail.

                                        s/V. Sims for LaShawn R. Saulsberry
                                        Case Manager